## J. BOYD v. J. S. MOSS, JR.

Decided January 27, 1897.

**1. Sale—Boundaries—Mistake—Remedy.**

Plaintiff sold defendant a tract of land described in the deed by metes and bounds and as containing 150 acres more or less. By mistake of plaintiff and defendant, caused by the error of a surveyor selected by plaintiff, the boundaries designated and to which defendant took possession included 308 acres. The intention of the parties was to sell and to buy 150 acres at an agreed price per acre. Held that, where defendant after the discovery of the mistake continued to hold to the designated boundaries and had by sales of portions of the tract and improvements placed upon the remainder rendered it impossible to reform or cancel the deed, it was proper to award plaintiff judgment against defendant for the value of the land in excess of 150 acres, with a lien on the part remaining in defendant's hands for its enforcement.

**2. Same—Petition.**

See petition held to present facts entitling plaintiff to such relief where only a general demurrer was urged.

Appeal from the District Court of Hamilton County. Tried below before Hon. J. S. Straughan.

*Dewey Langford* and *J. A. Eidson,* for appellant.—The petition should state facts which, if proven, would enable the court to determine what relief the plaintiff is entitled to, and to render judgment granting him such relief. Hollis v. Chapman, 36 Texas, 2; Thompson v. Eanes, 32 Texas, 192; Guadalupe County v. Johnston, 1 Texas Civ. App., 715; Mims v. Mitchell, 1 Texas, 443; Lewis v. Hatton, 86 Texas, 535; Railway v. Shirley, 45 Texas, 377; Moore v. Giesecke, 76 Texas, 547.

The remedy, when by mutual mistake a written instrument does not express the actual contract of the parties, is by a reformation of the writing so that it will conform to the actual contract. Harrell v. DeNormandie, 26 Texas, 126; Wittbecker v. Walters, 69 Texas, 473; Page v. Higgins, 5 Law. Rep. Ann., 152; Minot v. Tilton, 64 N. H., 371; Franklin v. Jones, 22 Fla., 526.

Where land is sold by the tract and described by metes and bounds, the mention of the quantity of acres is simply a matter of description and the deed is valid and binding for the quantity of land contained within the boundaries. Emerson v. Navarro, 31 Texas, 337; O'Connell v. Duke, 29 Texas, 312; Weir v. McGee, 25 Texas Supp., 30; Rich v. Furguson, 45 Texas, 396; Bellamy v. McCarthy, 75 Texas, 294; Harrison v. Talbot, 2 Dana, 258; Story's Eq., 144.

Where a tract of land is sold with courses and distances defined, it is within the power of the seller to make the estimate of the quality of land contained within the boundaries and if he does not do so it is culpable negligence on his part and the sale is binding on him for the quantity of land contained within the boundaries. Emerson v. Navarro, 31 Texas, 337; Story Eq., 146.

It devolved upon the plaintiff to show by clear and satisfactory proof that there was a mistake in the deed in describing the land actually sold by plaintiff to the defendant, and that such mistake was mutual, and the plaintiff has failed to do this. Railway v. Shirley, 45 Texas, 377; Moore v. Giesecke, 76 Texas, 547; May v. Townsite Co., 83 Texas, 505; Ins. Co. v. Nelson, 103 U. S., 549; Graves v. Ins. Co., 2 Cranch, 444; Page v. Higgins, 5 Law. Rep. Ann., 152; Pomeroy's Equity, 859-870; Story's Equity, 152-3, 134.

The court having found as a matter of fact that plaintiff actually sold to defendant 150 acres of land off the east side of the tract, and that by a mutual mistake of plaintiff and defendant the deed included 158 acres west of said 150 acres, it should have reformed the deed so as to embrace only said 150 acres and found for plaintiff said 158 acres. Same authorities.

If the mistake was not mutual there can be no amendment or reformation of the contract, as that would be the court making a contract for the parties, and in this case if there was any mistake it was on the part of the plaintiff alone, and hence his remedy would be by rescission.

May v. Townsite Co., 83 Texas, 505; Humphrey's v. Hurtt, 20 Hun., 400; Jackson v. Andrews, 59 N. Y., 244; Page v. Higgins, 5 Law. Rep., Ann., 152; Pomeroy's Eq., 870, 1377.

The court erred in its conclusion of law in finding for plaintiff the value of the 158 acres of land and subjecting the unsold portion of said 308 acres to a lien to secure the payment of said value because such finding is in effect making a contract of sale and purchase between plaintiff and defendant of said 158 acres of land at the price and upon the terms fixed by the court without the concurrence of the parties to said sale and purchase, which is unauthorized by the law and not within the power of any court. Page v. Higgins, 5 Law. Rep. Ann., 152; Sawyer v. Hovey, 3 Allen, 331; Andrews v. Ins. Co., 3 Mason, 10; Pomeroy's Equity, 870.

*J. Van Steinwyck* and *Cotton & Roberts*, for appellee.

FISHER, CHIEF JUSTICE.—*Nature and Result of the Suit.*—The nature of plaintiff's suit appears from his first amended original petition, upon which he went to trial, and the charging part of which is as follows: "That heretofore, to-wit, on the 7th day of March, 1895, plaintiff was the owner in fee simple of the following described tract of land situated in the county of Hamilton and State of Texas (then follows a description by metes and bounds with field notes of the tract of land). That on said date, in consideration of the sum of $1200—$400 cash and balance in two notes of $400 each—plaintiff executed and delivered to defendant a general warranty deed, whereby plaintiff conveyed to defendant said above described land, in which deed same was stated to be 150 acres, more or less, and which contained the field notes above set out. That on the date aforesaid plaintiff agreed to sell to defendant 150 acres out of a larger tract owned by plaintiff as aforesaid. That all of their negotiations and conversations with respect to said trade were that plaintiff should sell to defendant at the price of $8 per acre 150 acres to be taken off the east portion of a tract belonging to plaintiff, and referred to above, said tract out of which said 150 acres was to be taken off being estimated to contain 310 acres. That plaintiff procured and employed A. B. McClure, a surveyor, to measure off the 150 acres above referred to, and the measurement was made by said McClure, all of which defendant knew and acquiesced in. That pursuant to the survey and estimate made by the said A. B. McClure plaintiff executed to defendant the deed herein referred to, incorporating therein the field notes of said subdivision as prepared by the said McClure. That at the time the said deed was being drawn plaintiff, in the presence of defendant, requested A. B. McClure, who was writing same, to insert after the field notes the words more or less, stating as a reason therefor that there might be two or three acres less than 150 acres, and if there were he did not want Boyd to come back on him for it, and that if there were two or three acres more than 150 acres in said

tract he would not molest Boyd; all of which was stated by plaintiff to defendant, he, defendant, agreeing thereto. As has already been alleged herein, the field notes set out in the petition were believed by both plaintiff and defendant to include within their boundaries only 150 acres. Plaintiff alleges that in this belief he and defendant were mistaken; that said A. B. McClure in making the estimate of the number of acres contained within the boundaries of said field notes, and upon which estimate plaintiff and defendant relied, and by which in the consummation of their trade they were governed, was mistaken. That defendant went immediately into the possession of said premises and is now in the possession thereof, except such portions as hereinafter appear. That plaintiff did not know of his mistake as to the quantity of land he had conveyed to defendant till about the 15th day of September, 1895, when he for the first time discovered that the field notes herein set out, and included in his said deed, described 320 acres of land, instead of 150 acres as was intended. That immediately upon ascertaining this fact he reported same to defendant and demanded of him that he make the proper correction of their said mistake; all of which defendant refused to do, and plaintiff alleges that said tract of land contains 320 acres, and plaintiff further alleges that said sale was by the acre. That since defendant purchased said premises and since he has gone into possession thereof he has sold thereof, 1st, to W. W. Medford 100 acres (then follows a particular description of same). That in consideration therefor the said Medford paid $410 cash and executed his two notes, each dated August 1, 1895, and due December 31, 1896, and 1897, respectively. 2nd, 13 acres to the town of Hico, giving a particular description thereof; that as a consideration for said 13 acres said city of Hico paid defendant $40 cash and executed its two notes for $150 each, dated March 16, 1895, and due respectively on the 1st day of January, 1896, and 1897. 3rd, ten acres sold to W. H. Sanders, giving particular description thereof; that as consideration for said ten acres the said Sanders.—Plaintiff alleges that defendant is now in possession of 206 acres of said 320 acres, being the amount left to defendant since the sales above enumerated. Plaintiff further alleges that of said 320 acres he is entitled to 170 acres, the excess over and above the 150 acres sold to defendant, or its reasonable value, and plaintiff alleges the reasonable value thereof to be $8 per acre, and in the aggregate the sum of $1,360. The premises considered, plaintiff prays for judgment against defendant for the sum of $1360, and that the same be declared a lien against the remainder of 320 acres unsold, said remainder being 206 acres, and in the alternative, should the court deem it right and proper to do so, for a decree of partition of said premises between plaintiff and defendant according to their respective interests, for costs of suit, and in general for such relief as may seem right, proper and equitable."

The defendant answered, first by general demurrer. Second, by special demurrer as follows: That plaintiff's petition was insufficient in law for the following reasons, to-wit: "Because it appears from plain-

tiff's petition that if he is entitled to any relief at all it is to a reformation of the deed executed by him to defendant so as to correspond with their alleged contract as stated in said petition, and second, because it appears from plaintiff's said petition that the sale of the land described in plaintiff's petition by plaintiff to defendant was a sale in gross and not by the acre, the quantity of acres being mentioned merely as a matter of description."

Third, by general denial.

Fourth, by special answer, alleging that the sale was a sale in gross, and that plaintiff conveyed said land to defendant by general warranty deed, describing said land therein by metes and bounds, and simply mentioning the number of acres and reciting same to be 150 only for the purpose of description; that plaintiff and defendant each undertook the risk as to the quantity, the defendant as to deficiency and the plaintiff as to an excess.

Fifth, by the following special plea:   That plaintiff, at and prior to the date of the execution of the deed of conveyance from him to defendant of the land described in plaintiff's petition, pointed out to defendant the lines embracing the land conveyed by him to defendant, and described in said deed, and represented to him that he, plaintiff, was selling to him, defendant, for the consideration stated in said deed, all of the land embraced within said lines and that defendant relied upon said representations and believed they were true and was induced thereby to purchase said land and accept said deed conveyance.   That defendant, after his said purchase of said land and before he had any notice of plaintiff's claim that there was a mistake in the quantity of said land, went into the actual possession thereof as pointed out to him by plaintiff and made valuable and permanent improvements thereon in reference to the lines thereof as pointed out to him by plaintiff and fenced and enclosed same according to said lines.   That the improvements so built and erected upon said land as aforesaid are of the reasonable value of $1600.   That defendant would not have purchased said land and would not have agreed to pay the consideration stated in said deed and mentioned in plaintiff's petition therefor if he had not believed that he was getting all the, land embraced within the lines pointed out to him by plaintiff and contained within the description given in said deed.

The court overruled the defendant's general demurrer and special exceptions and the case was submitted to the court, both upon the law and facts, and the court rendered judgment for the plaintiff for the sum of $948, the value of 158 acres of land, found to be the excess over and above the quantity sold defendant by plaintiff at $6 per acre, and gave a stay of execution for six months, and decreed a lien upon all of the land described in the deed from plaintiff to defendant, except that sold by defendant since the execution and delivery of said deed, to secure the payment of said $948, and also decreed a foreclosure of said lien and ordered the sale of said property if said amount was not paid

within the six months for which stay of execution was given. The defendant excepted to said judgment and gave notice of appeal to this court, and afterwards filed appeal bond within the time required by law.

*Opinion.*—The trial court found the following conclusions of fact and law:

"1st. That on the 27th day of July, 1894, plaintiff purchased from J. L. and Clara L. Moss a part of the James Hollingsworth survey of land in Hamilton County, Texas, described in a deed of conveyance from said vendors to plaintiff by metes and bounds and estimated to contain 536½ acres, but that in fact there were 808½ acres covered by the field notes of said deed—an excess of 272½ acres—the consideration being $4000.

"2nd. That subsequently, in the year 1894, the plaintiff had said tract of land surveyed by A. B. McClure, a practical surveyor, who, by mistake in calculation, made the tract to contain 671½ acres, an excess of 135 acres.

"3rd. That afterwards, but prior to the time of the transaction between plaintiff and defendant as stated in the 4th conclusion of fact herein, plaintiff sold of said tract 250 acres off of west side to E. A. Barbee and 90½ acres off of the east side to John Fowler.

"4th. That on the 7th day of March, 1895, plaintiff executed his deed of conveyance to defendant for, as stated in said deed, 150 acres, more or less, of said tract, for $8 per acre, or $1200, of which $400 was cash, and two notes of $400 each, of even date with said deed and due in one and two years respectively, bearing ten per cent interest per annum from date, and reserving the vendor's lien on said land to secure the payment of said notes. The field notes in said deed showed the quantity of land to be 308 acres.

"5th. I find that by the terms of the trade between plaintiff and defendant resulting in the execution of the deed described in the 4th conclusion of fact, as understood and acted upon by both parties, the plaintiff sold to defendant 150 acres of land, to be taken out of the east side of the remaining unsold portion of said tract, and that said McClure was relied upon by both plaintiff and defendant to survey off and designate said 150 acres. That said parties relied and acted upon the statement of said surveyor that there was remaining of said tract unsold 310 acres, and that in order to designate said 150 acres for convenience in surveying, said surveyor, with the knowledge and acquiescence of said parties, instead of directly surveying off 150 acres off of the east side of said tract, surveyed off and designated 160 acres off of the west side of the remaining portion of said tract, understood, upon the statement of said surveyor, to be 310 acres adjoining the 250 acres sold to Barbee, thus leaving, as understood by said surveyor and plaintiff and defendant, 150 acres remaining as the land sold to defendant, and the field notes in said deed from plaintiff to defendant were furnished plaintiff by surveyor and understood and believed by plaintiff to embrace 150 acres.

"6th.   I further find that the field notes in deed from plaintiff to defendant show 158 acres in excess of the quantity of land that defendant purchased and was entitled to, and that said excess of land in said deed was the result of a mutual mistake on the part of both plaintiff and defendant, and I further find that plaintiff did not discover said mistake until in September, 1895, and that he thereupon at once went to have said mistake corrected.

"7th.   I further find that prior to the time that the defendant was notified by plaintiff of the mistake in said deed he had gone into the possession of said 308 acres of land and had sold off of the west side of it 100 acres, and had sold 23 acres off of the east side of the tract and had made improvements on the balance of the land in value from $1000 to $1200.

"8th.   I find that in consequence of the sale of said portions of said land and the improvements made by defendant as stated in the 7th conclusion of fact, said 308 acres is not susceptible of division so as to divide and set off to plaintiff 158 acres off of the west side of said tract, and that the value of said 158 acres is $6 per acre; and I further find that at the time when defendant made said improvements and sale of said portions of said land he knew of the excess in said land and the mistake in the deed.

"From the foregoing conclusions of fact I find as a conclusion of law that the plaintiff is entitled to recover of defendant the value of 158 acres of said 308 acres, the excess in the quantity of land purchased by defendant, in the sum of $948, and that the remaining unsold portion of said 308 acre tract is subject to a lien thereon for the payment of said sum, and I give judgment accordingly, with stay of execution for six months from the date of judgment."

There is evidence in the records which warrants the findings of the trial court and the judgment rendered by it, and we adopt all of the conclusions reached by that court.

The judgment rendered by the trial court is not without precedent. The defendant was claiming all of the land in hostility to plaintiff by virtue of the deed which plaintiff executed and delivered to him, and had refused to correct the mistake, and had in effect, by reason of sales made to other parties, placed it out of his power and that of plaintiff to reform the deed or cancel it.   It was his conduct that brought about this situation, and upon his refusing to do equity in declining to correct the mistake in so far as it was in his power to do so and asserting a title and right to all of the land in hostility to plaintiff, it was nothing less than fair and equitable that he should pay what it was reasonably worth. The fact that the parties to whom the defendant had sold a part of the land may not have been shown to be innocent purchasers would not affect the right of the court to dispose of the case in the way reached by the decree.   These sales were binding upon the defendant, and the plaintiff was under no duty to disturb them in order to obtain his relief

against the defendant. There was no error in the ruling upon the demurrers.

*Judgment affirmed.*

Writ of error refused.